RECEIVED
IN MONROE, LA

JAN 1 2 2007
my
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| TERENCE HANSPARD | CIVIL ACTION NO. 05-1292 |
| VERSUS | JUDGE ROBERT G. JAMES |
| OTIS ELEVATOR CO., ET AL. | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Pending before the Court is Defendants Otis Elevator Company's ("Otis") and Hartford

Insurance Company's Motion in Limine to Exclude Opinion Testimony of Mr. Bobby Jones

[Doc. No. 24]. For the following reasons, Defendants' Motion in Limine is GRANTED IN

PART and DENIED IN PART.

I.    OTIS' MOTION IN LIMINE

A.    DEFECT

Defendants claim that Bobby Jones' ("Jones") testimony, Plaintiff Terrence Hanspard's

("Hanspard") expert witness, is irrelevant because Jones has not identified a defect in

the elevator that caused the underlying accident. To prove negligence, Defendants argue that

Hanspard must prove there is an identifiable defect in the elevator which rendered it

unreasonably dangerous. While Jones opines that failure of the interlock caused the accident[1], he

---

[1]Hanspard claims he was injured when he backed his forklift into an open elevator shaft
and fell one story. An investigation revealed that the elevator car was on the first floor, but the
hoistway doors (the industrial equivalent of elevator doors on a passenger elevator) were open on
the second floor. The interlock keeps the hoistway doors shut.

1

admits that the precise cause of the failure "will remain a mystery." [Exh. B, p. 57, line 22, p. 58, line 1]. Because Jones' testimony cannot assist Hanspard in establishing a defect, his testimony is irrelevant under Federal Rule of Evidence 702 (also known as a *Daubert* challenge).

Hanspard responds that the plaintiff is not required to prove the exact cause of an underlying defect, only that a defect existed. Several days prior to the accident, an Otis repairmen worked on the elevator and made some repairs, but left the elevator in a condition that required employees to manually manipulate the interlock to keep the hoistway doors shut. Jones testified that this condition increased the possibility that the interlock would fail because it could be easily bent. Therefore, Jones opines that the failure of the interlock most likely caused the hoistway doors to remain open.

Under Louisiana law, Hanspard is required to show that the elevator was defective, or had a condition that created an unreasonable risk of harm. *See DiStefano v. Otis Elevator Co.*, No. 95-3976, 1998 U.S. Dist. LEXIS 1071, at *14 (E.D. La. Jan. 30, 1998) (citing La. C.C. art. 2315), *rev'd on reh'g on other grounds*, No. 95-3976, 1998 U.S. Dist. LEXIS 5205 (E.D. La. Apr. 8, 1998).

In *DiStefano*, the elevator experienced mechanical problems just before the accident and the maintenance company attempted to repair the elevator. The defendants argued that the elevator only experienced a "position control failure," which would not have caused the violent elevator ride or the injuries the plaintiff described. The plaintiff's experts testified that the malfunctions were not consistent with the defendants' theory, but could not identify the problem. Based on this and other circumstantial evidence, the district court reasoned that the jury could have concluded that the plaintiff established the elevator was defective. *Id.* at 17-19 ("The jury

2

cannot find negligence or the existence of a defect merely from the occurrence of an unusual accident. However, an "unusual occurrence" can certainly provide some circumstantial evidence of a defect. Juries may infer an unreasonably dangerous and defective nature from the circumstances surrounding an accident.").

Similarly, Defendants argue that Jones' testimony does not supply a precise technical explanation of why the hoistway doors remained open. However, *DiStefano* indicates that Hanspard may offer circumstantial evidence regarding the source and cause of the defect. Jones testified that the most likely cause of the accident was interlock failure and that several days prior to the accident, repairs on the elevator left the interlock vulnerable. Accordingly, Jones' testimony is relevant to whether a defect existed.

Therefore, Defendants' Motion in Limine is DENIED.

## B. NOTICE

Defendants claim that Jones' testimony is irrelevant because it does not establish notice, or Otis' awareness of the defect prior to the accident. To prove negligence, Defendants argue that Hanspard must prove Otis knew or should have known of the defect prior to the accident. Jones testified that the failure of the interlock device could have arisen "24 hours or 24 seconds" before the accident occurred. [Exh. B, p. 63, lines 15-17]. Therefore, Defendants argue that Jones admits Otis could not have discovered the defect prior to the accident.

Hanspard responds that Sam Holcombe, the Otis mechanic who worked on the elevator two days prior to the accident, testified that an elevator with an interlock device that requires manual manipulation is unsafe. Jones also testified that the interlock was left in an unsafe and

3

vulnerable condition. Therefore, Hanspard argues that Jones' testimony helps establish that Otis was aware or had constructive notice of the defect.

Under Louisiana law, Hanspard is required to show that Otis had actual or constructive knowledge of the defect. *Id.* at 15. While Jones cannot identify precisely when the interlock failed, his testimony is relevant to whether Otis knew that the elevator was left in an unsafe condition.

Therefore, Defendants' Motion in Limine is DENIED.

## C.    CONTRACT INTERPRETATION

Defendants claim that Jones should not be allowed to offer an opinion as to the scope of Otis' contractual duties because Jones concedes he is not an expert in the interpretation of contracts. Further, Defendants argue that his opinion is inadmissible because it is a legal conclusion.

Hanspard responds that contract expertise is not required to offer an opinion on the "clear and unambiguous language of a maintenance contract." Based on his experience with Otis and other elevator manufacturers, Jones is qualified to testify as to his understanding of Otis' contractual obligations and whether Otis was negligent in fulfilling these obligations.

While Jones may be an expert on the installation and maintenance of elevators, Hanspard has not demonstrated that he is an expert in contract interpretation. *See, e.g., Taylor Pipeline Constr., Inc. v. Directional Rd. Boring, Inc.*, 438 F. Supp. 2d 696, 705-06 (E.D. Tex. 2006) (The plaintiff's expert was a general contractor and expert on the quality and methods of construction. However, he was "not qualified to render an opinion regarding the obligations of parties to

4

construction contracts or other areas of construction law because he does not have experience, training, or education in this discrete area of the industry."). Further, even if Jones was qualified as an expert, an opinion as to the scope of Otis' contractual duties constitutes a legal conclusion. *Id.* at 706 (excluding the expert's opinion on the duties owed by the defendants and whether they fulfilled those duties); *see also* Fed. R. Evid. 704 (an expert may testify on an ultimate issue of fact, but not the legal implications of conduct).

Therefore, Defendants' Motion in Limine is GRANTED.

## II.     CONCLUSION

For the foregoing reasons, Defendants' Motion in Limine to Exclude Opinion Testimony of Mr. Bobby Jones [Doc. No. 24] is GRANTED IN PART and DENIED IN PART. Mr. Jones may not offer an expert opinion on the scope of Otis' contractual duties. However, he may testify regarding defect and notice.

MONROE, LOUISIANA, this ___12___ day of January, 2007.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE